UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **STEVEN DINI, ET AL.,** | ] CASE NO. A-06-CA-1009-LY |
| *Plaintiffs,* | ] |
| v. | ] |
| **ZENITH CAFÉ CORPORATION,** | ] COLLECTIVE ACTION |
| *Defendant.* | ] |

**RESPONSE TO ZENITH'S MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

Richard J. (Rex) Burch
State Bar No. 24001807
**BRUCKNER BURCH PLLC**
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

Robert Debes
**DEBES LAW FIRM**
17 S. Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 ph

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

SUMMARY .................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................ 1

THE APPLICABLE LEGAL STANDARDS .................................................................. 3

    1.    **The Summary Judgment Standard.** ................................................................ 3

    2.    **The Tip Credit Exception to the FLSA's Minimum Wage Requirements.** ...... 4

    3.    **Zenith Bears the Burden of Establishing Any Entitlement to a Tip Credit.** .... 5

ARGUMENT .............................................................................................................. 6

    1.    **Zenith Failed to Plead The Affirmative Defense Upon Which It Seeks Summary Judgment.** ................................................................................... 6

    2.    **Zenith Cannot Shift Its Burden to the Plaintiffs.** ........................................ 7

    3.    **Plaintiffs' Complaint Meets the Requirements of FRCP 8.** ......................... 8

    4.    **Zenith's Suggestion That Plaintiffs "Voluntarily" Tipped Expos And Silverware Rollers Is Flatly Contradicted By the Evidence.** ......................... 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................ 3

*Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381 (5th Cir. 1985) ............................................ 8

*Ayers v. 127 Restaurant Corp.*, 12 F.Supp.2d 305 (S.D.N.Y. 1998) ..................................... 4

*Baker v. O'Reilly Automotive, Inc.*, 2001 WL 123671 (N.D.Tex. Jan. 16, 2001) ............. 10

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir.1979) ............................. 5, 7

*Bonham v. Copper Cellar Corp.,* 476 F.Supp. 98 (E.D. Tenn. 1979) .................................. 4

*Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362 (5th Cir. 1973) ...................... 5

*Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749 (S.D.N.Y. March 30, 2006) ..................... 4

*Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982) ................................ 5

*In re Martin Wright Elec. Co.*, 2008 WL 114926 (Bkrtcy.W.D.Tex. Jan. 9, 2008) ........ 4, 7

*Irwin v. Country Coach Inc.*, 2006 WL 278267 (E.D.Tex. Feb. 3, 2006) ............................ 7

*Kilgore v. Outback Steakhouses of Fla., Inc.*, 160 F.3d 294 (6th Cir.1998) ......................... 5

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) ........................................................ 4

*Martin v. Alamo Community College Dist.*, 353 F.3d 409 (5th Cir. 2003) ..................... 3, 5

*Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319 (1st Cir.1992) ...................................... 5

*Miller v. Pride Int'l, Inc.*, 2006 WL 1235959 (E.D.La. May 3, 2006) ................................. 3

Myers v. Copper Cellar Corp., 192 F.3d 546 (6th Cir. 1999) ..................................... 4, 5, 7

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 130 (2000) ...................................... 3

*Reich v. Priba Corp.*, 890 F.Supp. 586 (N.D. Tex. 1995) ................................................. 5, 7

*Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977) ..................................................... 4

*Smith v. Noso, Inc.*, 2007 WL 2254531 (M.D. Fla. Aug. 3, 2007) .................................. 5, 7

*Snyder v. Pascack Valley Hosp.*, 303 F. 3d 271 (3rd Cir. 2002) .......................................... 6

*United States v. N. Trust Co.*, 372 F.3d 886 (7th Cir. 2004) ................................................ 7

*Verizon Employee Benefits Committee v. Fitzgerald*, 2007 WL 2080004 (N.D.Tex. July 12, 2007) ................................................................................................................................ 7

*Walston v. City of Port Neches*, 980 F.Supp. 872 (E.D.Tex. 1997) .................................... 8

*Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007) ................................ 8

**Statutes**

29 U.S.C. § 203(m) ................................................................................................ 4, 5
29 U.S.C. § 203(t) ...................................................................................................... 4
29 U.S.C. § 206(a) ..................................................................................................... 4

**Rules**

FRCP 56(c) ................................................................................................................ 3
FRCP 8(a) .................................................................................................................. 8
FRCP 8(c) ............................................................................................................... 3, 6

**Other Authorities**

5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND
    PROCEDURE § 1356 (1969) .............................................................................. 7, 8
DOL Opinion Letter, 2006 WL 1910966 (June 9, 2006) ........................................... 1
Fair Minimum Wage Act of 2007, Pub. L. 11-28 (May 25, 2007) ............................ 4
I.R.S. Instructions for Form 941 (Jan. 2008) ........................................................... 10

## SUMMARY

Zenith failed to pay its waiters and bartenders[1] the minimum wage required by the Fair Labor Standards Act (FLSA). Zenith claims this is ok because it is entitled to a credit for the tips these workers receive. However, the FLSA's tip credit is an *affirmative defense* which Zenith failed to: (1) plead; and (2) prove. For example, although Zenith says Plaintiffs were not required to tip out to ineligible employees, Plaintiffs' testimony and documentary evidence shows otherwise. Zenith's motion for summary judgment should be denied.

## FACTUAL BACKGROUND[2]

Zenith operates a single location restaurant known as Chez Zee. *See* Deposition of Zenith's Corporate Representative, Sharon Watkins (Watkins Depo.) at p. 5, l. 8-9; p. 9, l. 8-9. Zenith employs waiters and bartenders. Watkins Depo., p. 5, 13-15. Zenith pays its waiters and bartenders the "minimum wage during training, and [$]2.13 an hour plus tips after training." Watkins Depo., p. 11, l. 12-15.

Plaintiffs are tipped employees (waiters and bartenders) who worked for Zenith. *See* Zenith's MSJ, p. 2, p. 3. Consistent with Zenith policy, Plaintiffs were paid at a rate below the minimum wage.[3] *Id.*; Watkins Depo., p. 11, l. 12-15. Zenith claimed a tip

---

[1] Bartenders and waiters are referred to collectively as "servers."
[2] In accordance with Local Rule CV-7(b), the declarations, depositions and other documents supporting this response are filed in an Appendix. Declarations and depositions are labeled by the witness' last name followed by "Dec." or "Depo." as appropriate (*e.g.,* "Carney Dec." and "Clennon Depo."). The Appendix is indexed.
[3] Plaintiffs actually earned less than this amount because Zenith required Plaintiffs to, among other things, bear certain uniform expenses. *See, e.g.,* Watkins Depo., p. 41, l. 10 – p. 42, l. 18; DOL Opinion Letter, 2006 WL 1910966 (June 9, 2006) (where an employer pays $2.13 per hour, it must bear the costs of maintaining uniforms).

1

credit for the difference between this sub-minimum wage rate and the applicable minimum wage. Watkins Depo., p. 12, l. 2-18.

Although Zenith took a tip credit, Zenith required Plaintiffs to give up a portion of their tips to ineligible employees. *See, e.g.,* Clennon Depo., p. 74, l. 5-9; Dini Depo., p. 62, l. 13 – p. 63, l. 11 & p. 89, l. 20-24. Specifically, Plaintiffs were required to share their tips with "expos" (a/k/a "expediters") and "silverware rollers." *See* Carney Dec. at ¶¶ 3 & 5; Clennon Depo. p. 74, l. 5-9; Dini Depo., p. 62, l. 13 – p.63, l. 11; Ellerd Dec. at ¶ 3; Fielden Dec. at ¶ 3; Garnder Dec. at ¶ 3; Greer Dec. at ¶ 3; Muschett Dec. at ¶ 3; Zavala Dec. at ¶ 3. Plaintiffs were informed of Zenith's policy by their managers (such as Deborah Donovan, Jamie Hutchenson and Sarah Brown), during training, or both. *See* Carney Dec. at ¶ 3; Clennon Depo. p. 88, l. 22 – p. 90, l. 10; Dini Depo., p. 62, l. 13 – p. 63, l. 11 & p. 89, l. 20-24; Ellerd Dec. at ¶ 3; Fielden Dec. at ¶ 3; Garnder Dec. at ¶ 3; Greer Dec. at ¶ 3; Muschett Dec. at ¶ 3; Zavala Dec. at ¶ 3. Similarly, Zenith's training materials require new servers to be trained on the "**tip out procedure for the expo, busser, and bar.**" *See*, *e.g.,* Watkins Depo., p. 60, l. 10-24 (emphasis added); Greer Dec. at ¶ 3 & Exhibit 1 thereto.

Plaintiffs tipped out the expos and silverware rollers in accordance with Zenith's policy. *See* Carney Dec. at ¶ 3; Clennon Depo. p. 88, l. 22 – p. 90, l. 10; Dini Depo., p. 62, l. 13 – p. 63, l. 11 & p. 89, l. 20-24; Ellerd Dec. at ¶ 3; Fielden Dec. at ¶ 3; Garnder Dec. at ¶ 3; Greer Dec. at ¶ 3; Muschett Dec. at ¶ 3; Zavala Dec. at ¶ 3. Although servers often delivered the tips directly to the expos, servers sometimes turned over the tips to the managers who would then deliver the tips to the expediters. *See, e.g.,* Clennon Depo., p. 46, l. 18 – p. 47, l. 3. Zenith, in turn, tracked the amounts its servers tipped out to the

expos (among others) in its computer system.  *See* Chez Zee Payroll Information for Eric Clennon (Clennon Payroll Info.) in Appendix and at Doc. 20.  Further, Zenith's computers created a daily report which showed Plaintiffs who they were supposed to tip and how much.  *See, e.g.,* Carney Dec. at ¶ 4.

### THE APPLICABLE LEGAL STANDARDS

**1.     The Summary Judgment Standard.**

Summary judgment is appropriate only where "there is no genuine issue as to any material fact[.]"  *See* FRCP 56(c).  In evaluating a request for summary judgment, the court may not make credibility determinations or weigh the evidence, as "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 130, 150-151 (2000) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)).  Thus, in reviewing the record as a whole, the court must disregard all evidence favorable to the moving party that the jury is not required to believe (such as the testimony of interested witnesses).  *Id.*

When the moving party bears the burden of proof on the relevant issues at trial, the moving party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (emphasis in original) (*citing Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986)).[4]  Thus, where the defendant bears the burden of proof on an issue, the plaintiff "does not have to disprove the elements; the defendant has

---

[4]     Of course, a defendant seeking summary judgment on an affirmative defense must also plead the defense.  *See* FRCP 8(c);  *Miller v. Pride Int'l, Inc.*, 2006 WL 1235959, at *1 (E.D.La. May 3, 2006) (summary judgment denied where defendant waived its affirmative defense by failing to timely plead it).

3

to *establish* them." *In re Martin Wright Elec. Co.*, 2008 WL 114926, *4 (Bkrtcy. W.D.Tex. Jan. 9, 2008) (emphasis in original) (*citing Alamo Community*). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

**2.      The Tip Credit Exception to the FLSA's Minimum Wage Requirements.**

The FLSA requires employers to pay employees at a minimum hourly rate – currently $5.85 - for each hour worked. *See* 29 U.S.C. § 206(a).[5] A partial exception to this rule exists for "tipped employees." 29 U.S.C. § 203(m) & § 203(t). An employer can pay tipped employees as little as $2.13 per hour provided certain conditions are met. *Id.* at § 203(m). However, an employer must comply with the requirements of Section 203(m) "precisely" in order to claim a tip credit. *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977).

Among other things, an employer must ensure the employees make at least the minimum wage when the wages paid by the employer and the tips are combined. 29 U.S.C. § 203(m). In addition, the employer must inform the employees of the tip credit. *Id.* Further, the employees must keep all the tips they receive other than those contributed to a valid tip pool. *Id.* If the employees are required to share their tips with employees who do not customarily and regularly receive tips, the employer cannot claim any tip credit. *See, e.g., Myers v. Copper Cellar Corp.*, 192 F.3d 546, n. 4 (6th Cir. 1999); *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at *14 (S.D.N.Y. March 30, 2006); *Ayers v. 127 Restaurant Corp.*, 12 F.Supp.2d 305, 308-09 (S.D.N.Y. 1998); *Bonham v. Copper Cellar Corp.,* 476 F.Supp. 98 (E.D. Tenn. 1979).

---

[5]      Prior to July 24, 2007, the minimum wage was $5.15 per hour. *See* Fair Minimum Wage Act of 2007, Pub. L. 11-28 (May 25, 2007) & 29 U.S.C. § 206(a) (2006).

**3.    Zenith Bears the Burden of Establishing Any Entitlement to a Tip Credit.**

"[T]he employer bears the burden of showing the applicability of the tipped employee provisions." *Smith v. Noso, Inc.*, 2007 WL 2254531, at *4 (M.D. Fla. Aug. 3, 2007) (*citing Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979) ("On May 1, 1974, the [FLSA] was amended to place the burden of proving the amount of tips received on the employer for purposes of allowing the ... tip credit."); *see also Kilgore v. Outback Steakhouses of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) (employer bears burden of proof); *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (same)). Because it bears the burden of proof, an employer claiming a tip credit "must establish beyond peradventure all of the essential elements of the … defense to warrant judgment in [its] favor." *Alamo Community*, 353 F.3d at 412. "Unless the employer satisfies its burden of showing the applicability of the tip credit, the employees are 'entitled to the full minimum wage for every hour worked.'" *Noso, Inc.*, 2007 WL 2254531, at *4 (*citing Barcellona*, 597 F.2d at 467).[6]

---

[6]    *See also, Myers*, 192 F.3d at n. 4 (because Section 203(m) is an exception to the minimum wage requirements, court "narrowly construe" its provisions in the employee's favor" and the employer bears the burden of proof); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 474 (11th Cir. 1982) ("the employer has the burden of showing that he is entitled to the credits claimed under s 3(m) of the FLSA"); *Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973) (describing Section 203(m) as an "exception" to the FLSA's minimum wage requirements); *Reich v. Priba Corp.*, 890 F.Supp. 586, 595-96 (N.D. Tex. 1995) (employer "bears the burden of proof, by a preponderance of the evidence, that a valid tip pool agreement existed at the club between regularly and customarily tipped employees.").

## ARGUMENT

1. **Zenith Failed to Plead The Affirmative Defense Upon Which It Seeks Summary Judgment.**

Zenith asserts it is far too late to allow any amendment to the parties' pleadings. *See* Zenith's MSJ, p. 9, ¶ 18. "[D]iscovery in this case has taken place in reliance upon what [the parties] have, and have not, pled in this lawsuit." *Id.* Therefore, per Zenith's rule, both Plaintiffs "and this Court are entitled to rely upon the [defenses] actually pled by [Zenith], and [Zenith] should not be permitted [to assert any affirmative defenses] not currently set forth in their last pleading." *Id.*[7] Applying Zenith's rule to its pleadings precludes Zenith from relying on a tip credit defense – let alone obtaining summary judgment.

Because the tip credit is an affirmative defense, Zenith was required to plead it (along with some facts to support it). *See* FRCP 8(c). Zenith, however, failed to do so. *See* Doc. 5, Defendant Zenith Café Corporation d/b/a Chez Zee's Original Answer to Plaintiff's Original Collective Action Complaint (Zenith's Answer).[8] If Plaintiffs "should not be permitted [to assert] any claims not currently set forth in their last pleading," Zenith must abide by the same rule. *See* Zenith's MSJ at p. 9, ¶ 18.

---

[7] *See also,* Doc. 36, Zenith's Motion to Decertify, p. 6 (noting Zenith's "vehement objection" to the consideration of issues not raised by the pleadings).

[8] As noted in Plaintiffs' Motion for Default Judgment, Zenith cannot rely on this answer at all. See Doc. 39 (*citing Snyder v. Pascack Valley Hosp.*, 303 F. 3d 271, 276 (3rd Cir. 2002) (a defendant must respond to an amended complaint, even if the allegations against it did not change)). However, if it has answered at all, Zenith answered only with respect to Plaintiff Dini. *See* Zenith's Answer at n. 5 ("Defendant … is answering solely to allegations of Steven Dini.") (emphasis added). Zenith never answered any of the allegations made by any other plaintiff. *Id.* ("Defendant … is answering solely to allegations of Steven Dini."). Therefore, even if Zenith is permitted to rely on its earlier answer, Zenith is in default with respect to the allegations made by Mr. Clennon and the members of the conditionally certified class. Plaintiffs address these points assuming, *arguendo*, the Court permits Zenith to rely on its prior answer.

## 2. Zenith Cannot Shift Its Burden to the Plaintiffs.

Zenith attempts to shift its burden to Plaintiffs. However, a plaintiff need not plead around or anticipate affirmative defenses. *See, e.g., United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004); *Irwin v. Country Coach Inc.*, 2006 WL 278267, at *5 (E.D.Tex. Feb. 3, 2006) ("Plaintiffs are not required to plead around affirmative defenses."). Even if a plaintiff's pleadings address the issue, the defendant nonetheless bears the burden of pleading and proving an affirmative defense. *See, e.g., Verizon Employee Benefits Committee v. Fitzgerald*, 2007 WL 2080004, *3-4 (N.D.Tex. July 12, 2007) *citing* 5 Wright & Miller, Federal Practice & Procedure § 1276, at 623 (3d ed. 2004) ("On occasion, a plaintiff's complaint will contain allegations that seek to avoid or defeat a potential affirmative defense ...; technically this is improper pleading because these allegations are not an integral part of the plaintiff's claim for relief and lie outside his or her burden of pleading.").

Nor are Plaintiffs required to *disprove* Zenith's unasserted tip credit defense. *In re Martin Wright Elec. Co.*, 2008 WL 114926, at *4 (a plaintiff "does not have to disprove the elements; the defendant has to *establish* them"). Rather, Zenith must satisfy "its burden of showing the applicability of the tip credit [or] the employees are 'entitled to the full minimum wage for every hour worked.'" *Noso, Inc.,* 2007 WL 2254531, at *4 (*citing Barcellona*, 597 F.2d at 467); *see also, Myers*, 192 F.3d at n. 4; *Priba Corp.*, 890 F.Supp. at 595-96. Zenith failed to address – let alone establish – any of the elements of its affirmative defense (*e.g.,* that Plaintiffs received a direct wage of at $2.13 per hour). *See* Zenith's MSJ. However, Zenith cannot avoid the consequences of its failure by shifting its burden to Plaintiffs.

**3.     Plaintiffs' Complaint Meets the Requirements of FRCP 8.**

Rule 8(a) sets forth the requirements for pleading a claim in federal court and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. *Walston v. City of Port Neches*, 980 F.Supp. 872, 874 (E.D.Tex. 1997)(citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (1969); *Thrift v. Hubbard,* 44 F.3d 348, 356 n.13 (5th Cir.1995)). Rule 8 sweeps aside the hyper-technical pleading rules that once defeated many an unwary but meritorious claimant. *Walston*, 980 F.Supp. at 874 (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985)). A complaint need only set out a generalized statement of facts from which the defendant can frame a responsive pleading. *Walston*, 980 F.Supp. at 874.

To properly allege a minimum wage claim, Plaintiffs were only required to allege that they received less than the minimum wage. *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 629 (S.D.N.Y. 2007). Plaintiffs clearly did so. *See* Doc. 15, ¶ 10. Thus, Plaintiffs met their pleading burden. However, even if Plaintiffs were required to negate Zenith's unpled affirmative defense (and they are not), Plaintiffs' First Amended Complaint suffices.

Plaintiffs' Complaint alleges Zenith required Plaintiffs to share their tips with expediters and silverware rollers. Doc. 15, ¶¶ 3, 10. Plaintiffs indentify expediters and silverware rollers as employees do not customarily and regularly receive tips. Doc. 15, ¶¶ 3, 11, 14, 17. Plaintiffs clearly state requiring them to give up a portion of their tips to these employees violates the FLSA. Doc. 15, ¶¶ 3, 12, 17. Finally, Plaintiffs alleged that

Zenith uniformly applied this illegal policy to all Plaintiffs. Doc. 15, ¶¶ 15, 17. Therefore, Plaintiffs' complaint encompasses the claim that Zenith improperly required Plaintiffs to share their tips with ineligible employees in violation of the FLSA. Zenith's argument to the contrary is patently meritless.

**4. Zenith's Suggestion That Plaintiffs "Voluntarily" Tipped Expos And Silverware Rollers Is Flatly Contradicted By the Evidence.**

Zenith sole *substantive* argument in support of summary judgment is that tipping expos and/or silverware rollers was completely voluntary and, therefore, permissible. *See* Zenith's MSJ, at p. 9 -13. In particular, Zenith claims the tipping of expediters and silverware rollers "was a voluntary decision [Plaintiffs] made using [their] own money." *See* Zenith's MSJ, p. 9 – 10. Zenith's assertion is, of course, flatly contradicted by Plaintiffs' testimony and Zenith's own documents. *See* Carney Dec. at ¶ 3; Clennon Depo. p. 88, l. 22 – p. 90, l. 10; Dini Depo., p. 62, l. 13 – p. 63, l. 11 & p. 89, l. 20-24; Ellerd Dec. at ¶ 3; Fielden Dec. at ¶ 3; Garnder Dec. at ¶ 3; Greer Dec. at ¶ 3; Muschett Dec. at ¶ 3; Zavala Dec. at ¶ 3.

Nonetheless, Zenith claims its manager merely "suggested" Dini and another server tip out two expediters but that Dini "declined to accept the suggestion[.]" *See* Zenith's MSJ, p. 10 – 11. However, Dini actually testified that he **did** tip out the expediters. *See* Dini Depo., p. 97, l. 5 – 6. At the same time, Dini told the expediters Dini was "basically being forced" to tip them. *Id.*, at l. 7 – 25. Thus, contrary to Zenith's claims, Dini was required to – and did – tip out the two expediters. *Id.*

Zenith also claims "there is no record of whether or when any of these [tip-outs] took place, much less how much was given by which server to which co-worker on any

particular date." *See, e.g.,* Zenith's MSJ, p. 12.[9] Clennon, however, testified he was required to tip out "1 percent" of his sales to the expo and "1.5 percent" to the bussers. *See* Clennon Depo., p. 49, l. 18 – 23; p. 69, l. 15 – 20. The records Zenith produced in discovery confirm Clennon tipped the expo and the bussers using precisely this ratio. *See* Clennon Payroll Info. (showing Clennon's tip to bussers as equal to 1.5 times his tips to the expo). Further, Zenith's "Server Reports" showed the required tip out amounts for the expos and bussers in the same 1 to 1.5 ratio. *See* Carney Dec., ¶¶ 4-5 & Exhibit 1 thereto.[10] While Zenith (perhaps understandably) wishes to ignore these documents, Zenith's desires do not make them disappear.

## CONCLUSION

Plaintiffs' testimony and Zenith's documents demonstrate Plaintiffs were required to tip out expos and silverware rollers. Nonetheless, Zenith swears they were not. While Plaintiffs know Zenith's testimony is false, the question of who is telling the truth is a question of fact for the jury. *Baker v. O'Reilly Automotive, Inc*., 2001 WL 123671, at *3 (N.D.Tex. Jan. 16, 2001)("[T]he Court is not in a position to decide which party is telling the truth on summary judgment. That is a matter of credibility for a jury to decide."). Because the parties dispute the essential facts, summary judgment is inappropriate.

---

[9] Of course, the IRS regulations require Zenith to be aware of any tips received by its employees which exceed $20 in a month. *See, e.g.,* I.R.S. Instructions for Form 941 (Jan. 2008) at *5 available at http://www.irs.gov/pub/irs-pdf/i941.pdf.

[10] Moreover, Zenith has server sales reports to which it could apply the tip out percentages. In fact, Zenith managers provide these reports to expediters to assist them in collecting tips. *See* Donovan Depo., p. 78, l. 8 – p. 80, l. 21.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Richard Burch**
_____
Richard J. (Rex) Burch
State Bar No. 24001807
**BRUCKNER BURCH PLLC**
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

Robert Debes
**DEBES LAW FIRM**
17 S. Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 ph

**ATTORNEYS FOR PLAINTIFFS**